IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELVIN ANDERSON,

                      Plaintiff,                    OPINION & ORDER

   v.

                                                     12-cv-684-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS,
WARDEN JEFFREY PUGH, DR. JOHN DOE,
DR. HEINZL, NURSE WARNER, NURSE PRELL,
and DR. CORNELL,

                      Defendants.

---

Plaintiff Melvin Anderson alleges that he was improperly treated for various health issues while incarcerated by the Wisconsin Department of Corrections. The court previously screened his complaint as required by 28 U.S.C. § 1915A and determined that Anderson would be permitted to proceed in this case on one of two discrete sets of claims: (1) claims against the individual defendants alleging deliberate indifference to his medical needs in violation of the Eighth Amendment and for medical malpractice under state law;[1] or (2) claims that he was denied a prison job while incarcerated at New Lisbon Correctional Institution ("NLCI") in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (Opinion & Order (dkt. #13).) In the court's screening order, Anderson was instructed to inform the court no later than Nov. 5, 2013, which of the two lawsuits he wished to pursue in this case. (*Id.* at 21.)

On October 28, 2013, Anderson filed a motion for appointment of counsel. (Dkt. #14.) Two days later, he filed a motion to amend his complaint. (Dkt. #15.) In that

---

[1] Anderson was allowed to proceed on his medical claims against the Warden only as a substitute for an as yet unknown defendant -- "Dr. John Doe."

request, he also appears to ask this court to reconsider some of its previous decisions on screening. The court addresses each of these motions below.

### I. Choice of Claims

As a preliminary matter, the court notes that Anderson has not complied with its order to choose which of the two discrete suits he wishes to pursue under this case number. As the court explained at screening, Federal Rule of Civil Procedure 20(a) prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit, unless (1) the plaintiff asserts at least one claim against each defendant arising out of the same transaction or series of transactions; and (2) the action presents a question of law or fact common to all of the defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this case, Anderson's claims of deliberate indifference to his health needs are completely unrelated to his claim that he was denied a job at NLCI due to a disability. The claims are brought against different defendants and do not arise out of the same transaction or series of transactions. The claims also present no questions of fact or law common to the two sets of defendants, one of whom he accuses of deliberate indifference to his medical needs and medical malpractice, and the other who he accuses of discrimination based on his disability. Therefore, he *cannot* proceed on all of these claims in a single suit.

The court will allow Anderson *one* more opportunity to state which of these two screened claims he would like to pursue in this case. Anderson is instructed to inform the court of his choice no later than June 6, 2014. He must also inform the court by that date whether he would like to pursue his other claim in a separate lawsuit and, if the answer is yes, he must either pay the full filing fee or file a motion for leave to proceed *in forma*

2

*pauperis* in the second action. Failure to choose a set of claims will result in a dismissal of all claims without prejudice; failure to pay a second filing fee or motion to proceed *in forma pauperis* will result in dismissal without prejudice of the unchosen claims.

## II. Motion to Appoint Counsel

Anderson should be aware that civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936. Thus, the court cannot issue an order appointing counsel to assist Anderson; it merely has the discretion to recruit a volunteer. Accordingly, this court will construe Anderson's motion to appoint counsel as one seeking the court's assistance in recruiting a volunteer under 28 U.S.C. § 1915(e)(1).

Before deciding whether it is appropriate to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To meet this threshold requirement, this court generally requires plaintiffs to submit the names and addresses of at least three attorneys to whom they have written and who have refused. Anderson does not indicate that he has even sought representation on his own, let alone that he has been refused, nor does he suggest he has been prevented from making those reasonable efforts. He has,

therefore, not complied with this threshold requirement of 28 U.S.C. § 1915(e)(1), and so the court will deny his motion without prejudice at this time. If Anderson makes reasonable efforts to find counsel and is rejected by at least three attorneys, he may renew his motion at a later time, provided he (1) submits the required names, addresses and rejection letters; and (2) explains why this case exceeds his capacity to litigate it on his own.

### III. Motion to Amend the Complaint

Anderson has also submitted an "Amended/corrected" complaint. While disjointed and difficult to follow, the "amended complaint" appears in large part to be: (1) seeking reconsideration on the court's dismissal of Dr. Charles Stone from the lawsuit; (2) pleading additional facts to support a claim against Dr. Williams for failure to treat his hydrocele while incarcerated at Stanley Correctional Institution; and (3) pleading additional facts to support an Eighth Amendment claim against transport officers who denied him access to a wheelchair-accessible van. To the extent that the amended complaint seeks simply to add additional facts and documentation surrounding his hydrocele claim, on which he has already been granted leave to proceed, the motion to amend will be granted and those materials will be made a part of a supplement to the complaint. Anderson's other requests read more like a motion for reconsideration and will be addressed individually below.

#### A. Claims against Dr. Stone

Anderson first asks that the court reconsider its dismissal of his claims against Dr. Charles Stone, apparently for ignoring his heart condition and botching his heart surgery in 2004. The problem with Anderson's request is that he still fails to allege that Dr. Stone acted under color of state law, which is required to maintain a claim under 42 U.S.C.

§ 1983. Dr. Stone does not appear to have been a prison doctor, and Anderson alleges no other facts supporting the inference that Dr. Stone "exercised power possessed by virtue of state law." *West v. Atkins*, 487 U.S. 42, 50 (1988). Without that critical fact, Anderson cannot bring a § 1983 claim against Dr. Stone, and the court lacks jurisdiction over any state law malpractice claims that Anderson may also have wished to bring. Anderson also fails to draw a sufficient link to allow this claim to proceed based on supplemental jurisdiction. Thus, Anderson's request for reconsideration of the dismissal of Dr. Stone is denied.

### B. Claims against Dr. Williams

In his amended complaint, Anderson alleges that Dr. Williams: (1) refused to allow either surgery or a medical seat riser during his stay at Stanley Correctional Institution ("SCI"); and (2) took away all of Anderson's blood pressure medication when he was placed in the infirmary at Dodge Correctional in retaliation for complaints that Anderson had filed against him.[2]

Whether the "Dr. John Doe" at SCI, against whom Anderson was previously given leave to proceed on his hydrocele claims, is the same defendant as Dr. Williams remains unclear in Anderson's pleading. Both are SCI doctors whom Anderson alleges denied him

---

[2] Anderson also alleges in a single conclusory statement that someone -- possibly Williams, it is not clear -- "conspir[ed] with Becky Dressler-Intern as of 1-15-06." If Anderson intends to add Dressler as a defendant, his amended complaint offers no additional facts about what Dressler has allegedly done. Anderson also submits an additional 97 pages of "documentation," some of which appears to allege that Dressler: refused to allow the administration of oxygen sometime in 2006; refused to allow him to take his heart medication before a stress test sometime in 2006; kept his medical records away from Dr. Gerlinger; and took away his oxygen concentrator, replacing it with a broken one, in February 2006. (*See* Am. Compl. Ex. (dkt. #15-1) 34-39.) As before, Anderson must file a separate suit, with the required specificity and clarifications, should he wish to bring claims against Dressler.

treatment for his hydrocele while incarcerated there, suggesting they are in fact the same person. Accordingly, the court directs Anderson to clarify whether Dr. Williams is the same Dr. John Doe against whom Anderson has been granted leave to proceed on claims that he failed to treat his hydrocele. If so, the court will update the caption accordingly.

As far as the potential retaliation claim against Dr. Williams goes, this court previously indicated that any allegations or claims not specifically addressed in its screening order were barred as "too undeveloped even to pass screening." (Opinion & Order (dkt. #13) 2.) If Anderson wishes to pursue a retaliation claim against Dr. Williams, he should, as previously explained, file a separate lawsuit, including the specific allegations and clarifications surrounding that claim. Likewise, if Dr. Williams is *not* the same defendant as the Dr. John Doe of Anderson's original complaint, the court asks that Anderson make that clear. He may then bring a separate suit against Dr. Williams or, if he believes that Dr. Williams satisfies the requirements of Federal Rule of Civil Procedure 20(a)(2), he may move to join him as a defendant to this suit.

C. Claims against Transport Staff

Anderson also asks the court to reconsider its dismissal of his claims against the unnamed transport staff members who, he alleges, refused to allow him access to a wheelchair-accessible van. While these allegations were previously styled as a violation of the Americans with Disabilities Act, this court interpreted the claim as arising instead under the Rehabilitation Act to avoid the complex question of whether Congress has abrogated the state's sovereign immunity with regard to that claim. It then analyzed the claim, finding that Anderson had not established a cause of action under the Rehabilitation Act, since

being forced to crawl into the van, while potentially uncomfortable and embarrassing, "was not a denial of a prison program or activity." (Opinion & Order (dkt. #13) 17.)

Now, it appears that Anderson's actual intent was to allege that the denial of the wheelchair-accessible van served to cause and/or exacerbate his serious medical problems, by causing undue pressure on his eyes and damaging his hands. (*See* Am. Compl. (dkt. #15) 4-5.) To the extent that Anderson wishes to bring this type of claim, however, he would again need to do so in a separate lawsuit. As noted above, plaintiffs may not join unrelated claims against a host of different defendants unless the plaintiff asserts at least one claim against each defendant arising from the same transaction or series of transactions and there is a question of fact or law common to all defendants. Under this standard, Anderson's claim that the refusal to transport him in a wheelchair-accessible van amounted to deliberate indifference to his eye conditions and injured arm/hands could not be joined to his current lawsuit. If he wishes to pursue this claim, his option is clear: file a separate lawsuit, for which he would need to pay the filing fee or move for leave to proceed *in forma pauperis*.

ORDER

IT IS ORDERED that:

1. Plaintiff Melvin Anderson shall advise the court in writing no later than June 6, 2014, whether he wishes to proceed on: (1) his claims against the individual defendants for deliberate indifference to his medical needs; or (2) his claim against the Wisconsin Department of Corrections under the Rehabilitation Act. Plaintiff shall also advise the court whether defendant Williams is the same defendant Dr. John Doe against whom he has previously been granted leave to proceed. Finally, plaintiff shall advise the court whether he would like to proceed with the claims he does *not* choose in a different lawsuit. If so, he must either pay the filing fee or file a motion to proceed *in forma pauperis* on that case. **If plaintiff fails to comply as directed, this case will be dismissed in whole or in part as set forth above without further notice pursuant to Fed. R. Civ. P. 41(b).**

2. Plaintiff's motion for appointment of counsel (dkt. #14) is DENIED without prejudice as to later reconsideration.

3. Plaintiff's motion to amend his complaint (dkt. #15) is GRANTED in part and DENIED in part, consistent with the opinion above.

Entered this 23rd day of May, 2014.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge